IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04825-GPG

JUAN MANUEL MALDONADO-SANTANA,

Petitioner,

v.

ROBERT HAGAN, Field Office Director of Enforcement and Removal Operations, Denver Field Office, Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security;
TODD BLANCHE, Acting U.S. Attorney General;
JUAN BALTAZAR, Warden of Denver Contract Facility, in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court are Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Petition) (D. 1) and Petitioner's Status Report (Motion) (D. 4), which the Court construes as a motion seeking immediate release. Because the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

After review of the full record, the Court ordered Respondents to show cause why the Petition should not be granted (D. 7).

Respondents, while "not conced[ing] that the Motion is meritorious," declined to submit a brief in opposition to Petitioner's motion, recognizing "that the Court may then decide to grant the Motion and award appropriate relief" such as "an order that directs Respondents, within seven days of this Court's order, release Petitioner" (D. 8 at 1).[1]

The Court sees no reason to delay release, and Respondents do not suggest any circumstances necessitating up to seven days to release a person who they do not contest was unlawfully detained. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026) ("the district court must grant Santillan Quiroz's petition forthwith").

Pursuant to this Court's inherent authority to enforce its prior Orders (D. 3; D. 7) and Respondents' failure to oppose Petitioner's Motion or provide a basis for denial, it is ORDERED that the Petition (D. 1) and Motion (D. 4) are GRANTED. *See United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011) ("This court . . . will not craft a party's arguments for him." (quoting *Perry v. Woodward*, 199 F.3d 1126, 1141 (10th Cir. 1999))); *Santucci v. Commandant, United States Disciplinary Barracks,* 66 F.4th 844, 851 n.9 (10th Cir. 2023) ("[U]nder the party-presentation principle, we, not only will not, but 'cannot make arguments for [a party].'" (quoting *Yelloweagle,* 643 F.3d at 1284))).

[1] The Court trusts that Respondents are conducting a full review of each Petitioner's case for community safety concerns and exercising appropriate discretion if they decide not to file a response. If the Government chooses not to respond, the Court is left with only the information provided by Petitioner and has no independent ability to scrutinize Petitioner's claims—particularly with regard to any potential criminal history.

It is FURTHER ORDERED that Petitioner shall be released from custody within 48 hours. Respondents may not impose additional or more onerous conditions on Petitioner than those that have previously been found appropriate by an IJ. Respondents must file a status report certifying compliance within five (5) days.

It is FURTHER ORDERED that Respondents are prohibited and enjoined from re-detaining Petitioner on the same grounds unless and until a final order of removal issues.

DATED October 23, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge